STEPHENS *v.* WOHLWENDER *et al.*

No. 14834. MAY 3, 1944. REHEARING DENIED JUNE 9, 1944.

*Monroe Stephens,* pro se.

*Powell, Goldstein, Frazer & Murphy,* and *Shelton & Pharr,* for defendants.

WYATT, Justice. Arthur Copland brought quo warranto proceedings, claiming the office of solicitor-general of the Chattahoochee circuit, against the incumbent, Ed Wohlwender Jr., in which Copland contended that he had been duly and legally elected to the office, and by which he sought to have himself declared so elected. His contention was denied by Wohlwender. The case was decided by this court (*Copland* v. *Wohlwender,* ante), where a statement of the facts will be found in the opinion.

When the case of Copland v. Wohlwender was called for trial, Monroe Stephens presented the following "special appearance:" "Now comes Monroe Stephens, and files this his special appearance in the above-entitled cause, for the sole purpose of objecting to the consideration of the above cause of action, and says: 1. That on January 1st, 1944, this Honorable Court took jurisdiction of the res, of the office of the solicitor-general of the Chattahoochee Judicial Circuit, and the case entitled Monroe Stephens v. Edward Wohlwender Jr., and that so long as that case is pending this court is without any legal authority to proceed to determine the rights of any claimant to that office in a separate proceeding. 2. That the case entitled Monroe Stephens v. Edward Wohlwender Jr. is still pending, undetermined, and is the exclusive case in which said office can be contested and or the rights of anyone may be asserted to said office. Wherefore, movant prays that this entitled cause be dismissed, and Arthur Copland be required to assert any claim he may allege to have in or to said office of solicitor-general of the Chattahoochee Judicial Circuit in said prior action entitled Monroe Stephens v. Edward Wohlwender Jr."

The trial judge entered the following order and judgment on this "special appearance:" "The within motion, after argument submitted thereon and consideration thereof, is hereby overruled." The exception is to this judgment, and to the final judgment in the case of *Copland* v. *Wohlwender,* ante.

We know of no rule of law, and none has been called to our attention, that prevents a claimant to public office from instituting

·quo ·warranto proceedings against the person holding the office claimed ·simply because there is pending another quo warranto pro- ·ceeding instituted by some other claimant or person interested in the office. It follows that no error appears in this case.·

Judgment affirmed. All the Justices concur. Bell, C. J., con- curs in the judgment only.

BELL, Chief Justice, concurring specially. For reasons stated in my ·dissent in Copland v. Wohlwender, ante, I think that Wohl- wender was entitled to the office as against both Stephens and Copland. If he was so entitled, then, regardless of other questions, there··was no error in denying the prayer of Stephens that the·suit of Copland be dismissed and that he be required to assert his· claim ·in·the suit of Stephens v. Wohlwender.